**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **Belynda Boyd,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 13-3373-CV-S-JTM |
| | ) |
| **Texas County Memorial Hospital,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

Pending before the Court are *Defendant's Partial Motion to Dismiss Counts, III, IV, V, and VI with Prejudice,* filed October 11, 2013, [Doc. 3] and *Plaintiff's Motion For Leave To Voluntairly Dismiss Count II of Plaintiff's Petition Without Prejudice*, filed December 20, 2013. No opposition has been filed to either motion. Such being the case, the Court grants both motions, leaving only Count I remaining in this matter.

Having dismissed without prejudice Boyd's Family Medical Leave Act claim (which formed the original basis for federal court jurisdiction), the question necessarily arises as to the jurisdiction of the Court to decide Boyd's only remaining state law claim (violation of the Missouri Human Rights Act). The Supreme Court opinion in *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) provides substantial guidance.

*Gibbs* involved an action against a labor union alleging damages from violations of the Labor Management Relations Act as well as common law state claims of conspiracy and intentional interference with an employment relationship. Following a jury verdict and the district court decision to only allow the verdict on one of the state law claims to stand, an appeal

was taken. A primary issue on appeal was the jurisdiction of the federal court to consider the state law claims. In *Gibbs*, the Supreme Court reaffirmed its prior precedent endorsing the notion of ancillary (or pendant) jurisdiction[1]:

> Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim "arising under (the) Constitution, the Laws of the United States, and Treaties . . ." and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court.

*Id*. at 725. In reaffirming this doctrine, however, the Supreme Court pointedly observed:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. <u>Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.</u>

*Id*. at 726 (*emphasis added*) (*citations omitted*). Subsequently, the Supreme Court held that in a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357

---

[1] Although some legal commentators suggests that there is a difference between pendant jurisdiction and ancillary jurisdiction, the Supreme Court has noted:

> Given the complexities of the many manifestations of federal jurisdiction, together with the countless factual permutations possible under the Federal Rules, there is little profit in attempting to decide, for example, whether there are any principled differences between pendent and ancillary jurisdiction; or, if there are, what effect *Gibbs* had on such differences.

*Aldinger v. Howard*, 427 U.S. 1, 13, 96 S.Ct. 2413, 2419-20 (1976)

(1988). The Court concludes that Boyd's' remaining MHRA claim is best resolved within the state courts of Missouri. Accordingly, it is

**ORDERED** that *Defendant's [unopposed] Partial Motion to Dismiss Counts, III, IV, V, and VI with Prejudice,* filed October 11, 2013, [Doc. 3] is GRANTED. It is further

**ORDERED** that *Plaintiff's [unopposed] Motion For Leave To Voluntarily Dismiss Count II of Plaintiff's Petition Without Prejudice*, filed December 20, 2013 is GRANTED. It is further

**ORDERED** that the Clerk of the Court shall remand this matter consisting only of the remaining Missouri Human Rights Act claim in Count I to the Circuit Court of Texas County, Missouri for all further proceedings.

                                                      */s/ John T. Maughmer*
                                              **John T. Maughmer**
                                              **Chief United States Magistrate Judge**